UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA SMITH | CIVIL ACTION |
| VERSUS | NO: 05-2728 |
| GLAXOSMITHKLINE CORP., ET AL. | SECTION: "A" (1) |

### ORDER

Before the Court is a **Motion to Dismiss Under Rule 12(b)(6) and Motion for Summary Judgment (Rec. Doc. 60)** filed by defendants Apotex, Inc. and Apotex Corporation (hereinafter collectively referred to as "Apotex").  Patricia Smith, wife of her deceased husband Brian Smith, Sr., and their minor children (collectively referred to as "Plaintiffs") oppose the motion.  The motion, set for hearing on October 29, 2008, is before the Court on the briefs without oral argument.[1]  For the reasons that follow, the motion is GRANTED.

---

[1] Apotex requested oral argument but the Court is persuaded that oral argument would not be helpful in resolving the straightforward issues presented.

**I.     BACKGROUND**

Brian Smith, Sr. was prescribed Paxil for the treatment of depression.  Soon thereafter, Smith began ingesting the generic version of Paxil, paroxetine hydrochloride.  Defendant Apotex manufactures this generic drug.  On June 17, 2004, Smith filled a prescription for thirty tablets at the CVS/Eckerd Pharmacy #5469 in Covington, La.  (Rec. Doc. 60, Exhs. B & D).  On July 3, 2004, Smith committed suicide.

Plaintiffs originally filed suit against GlaxoSmithKline, the manufacturer of Paxil.  Nearly three years after Brian Smith's death Plaintiffs amended their complaint to add claims against Apotex after they learned that Smith had been ingesting the generic form of Paxil.  Plaintiffs contend that the generic drug paroxetine hydrochloride caused Smith's wrongful death.  Plaintiffs' claims are brought pursuant to Louisiana's Products Liability Act.  Plaintiffs claim that Apotex failed to warn consumers of the risk of possible suicidal and homicidal reactions in patients taking the drug.  Plaintiffs compromised their claim with GlaxoSmithKline, which is no longer a party to the suit.

In October 2007 Apotex moved to dismiss Plaintiffs' claims as being preempted by federal law.  (Rec. Doc. 44).  On December 19, 2007, the Court denied that motion.  (Rec. Doc. 54).

Apotex now moves for dismissal/summary judgment arguing that Plaintiffs' claims are barred by prescription and that Plaintiffs have no competent expert evidence to meet their burden of proof at trial.  Apotex also reurges its argument that federal law preempts Plaintiffs' claims.

This case is set to be tried before a jury on January 12, 2009.  A final pre-trial conference has been set for December 17, 2008.

## II. DISCUSSION

Because the Court finds merit in Apotex's argument that Plaintiffs cannot meet their burden of proof at trial as to causation, the Court declines to entertain Apotex's arguments as to preemption.[2]

This case has been brought under the Louisiana Products

---

[2] The Court would likely have granted Apotex's motion as to prescription if it had not been brought under Rule 12(b)(6).  Rule 12(b)(6) motions test the sufficiency of the allegations in the complaint yet Apotex submitted various pieces of evidence outside the pleadings, including pharmacy records and excerpts from Patricia Smith's deposition, and relied upon its Statement of Undisputed Material Facts, which are deemed admitted because Plaintiffs did not comply with Local Rule 56.2.  Plaintiffs sued Apotex nearly three years after Smith's death.  The evidence clearly establishes that Plaintiffs should have known within one year of Smith's death that he had ingested Apotex's generic version of Paxil shortly before his death.  Moreover, the Court is not persuaded that federal labeling regulations render GlaxoSmithKline and Apotex solidary obligors such that the timely filing of suit against GlaxoSmithKline interrupted prescription as to the claims against Apotex.

Liability Act, La. R.S. § 9:2800.51, et seq. The Act provides in relevant part:

> The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.
>
> A product is unreasonably dangerous if and only if:
>
> (3)  The product is unreasonably dangerous because an adequate warning about the product has not been provided . . . .

La. Rev. Stat. Ann. § 9:2800.54(A), (B)(3) (West 1997). The essential elements of proof in a products liability claim are that:  1) the product was unreasonably dangerous, 2) the resulting injury was caused by the manufacturer's product, and 3) that the condition rendering the product unreasonably dangerous existed at the time the product left the manufacturer's control. Hebert v. Miles Pharmaceuticals, No. 92-4290, 1994 WL 10184 (E.D. La. Jan. 13, 1994) (Schwarz, J.).

The plaintiff in a products liability suit bears the burden of proving by a preponderance of the evidence a causal relationship between his or her injury and the use of the product. Kemp v. Metabolife Int'l, Inc., No. 00-3513, 2004 WL 2095618, at *3 (E.D. La. Sept. 13, 2004) (Berrigan, J.) (citing Maranto v. Goodyear Tire & Rubber Co., 650 So. 2d 757, 759 (La.

4

1995)).  The test for determining the causal relationship between the use of the product and the subsequent injury is whether the plaintiff proved through competent evidence that it is more probable than not that the subsequent injuries were caused by the product.  Id.

Proof of causation has two components, general causation and specific causation.  Id. (citing Pick v. Am. Med. Sys., Inc., 958 F. Supp. 1151, 1164 (E.D. La. 1997)).  General causation deals with whether the substance at issue can cause diseases or disorders in people in general.  Id.  Specific causation focuses on whether the substance was in fact the cause of the ailments or symptoms in the particular patient.  Id.  An inability to establish specific causation is fatal to the plaintiff's claim.  Id.

This action is a pharmaceutical products liability case.  Plaintiffs' contention in this lawsuit is that Apotex's product was unreasonably dangerous in that it did not contain an adequate warning to apprise Smith's physicians that the ingestion of paroxetine hydrochloride was associated with an increased risk of suicide.  The burden of poof is on Plaintiffs to establish, as a threshold matter, that paroxetine hydrochloride is associated with an increased risk of suicide thereby rendering the warning label deficient (general causation).  Plaintiffs will also be

required to prove that Smith committed suicide more likely than not because he was ingesting paroxetine hydrochloride (specific causation).

The Court is persuaded that Plaintiffs can only establish the required elements of causation between paroxetine hydrochloride and Smith's death through expert testimony.  Smith sustained a work-related injury in 1999 and the pharmacy records show that he had consistently required a host of medications since then including various medications for the treatment of anxiety and depression.  (Rec. Doc. 60 Exhs. D, E, & F).  The record also suggests that Smith had used the generic version of Paxil in the past.  This case involves extremely complex issues of medical causation that are not within the knowledge and understanding of the lay juror.  The product involved in this case was available by prescription only and can hardly be characterized as uncomplicated.  <u>Hebert</u>, 1994 WL 10184, at *4.  Even a cursory review of the literature demonstrates the lack of agreement over whether certain antidepressants increase the risk of suicide in adults like Smith as opposed to children and adolescents.[3]  (Rec. Doc. 69 Exh. E).  Without medical expert testimony Plaintiffs cannot establish that Apotex's product, as

---

[3] Smith was 38 years old when he died.

opposed to depression and despair, was more likely than not the cause of Smith's unfortunate death.

The Court has reviewed the record and notes that Plaintiffs have not filed witness and exhibit lists into the record as required by the Court's scheduling order.  (Rec. Doc. 57).  The deadline was October 20, 2008.  Further, Apotex has advised the Court via its motion that Plaintiffs have produced no expert reports.  That deadline was September 19, 2008.  (Rec. Doc. 57). Accordingly, Plaintiffs will have no Rule 26 experts at the upcoming trial.[4]

Plaintiffs have devoted less than a page of their opposition to the issue of medical causation.  Plaintiffs assert that they intend to introduce medical records that give the chronology of Smith's deepening depression while on paroxetine hydrochloride. Plaintiffs also assert that they have depositions of Dr. Kevin Hargrave and an unnamed representative doctor from Sunset Medical Center who can testify in support of Plaintiffs' claims.

---

[4] Apotex provided the Court with a copy of Plaintiffs' Rule 26 disclosures which are dated September 19, 2008.  (Rec. Doc. 60 Exh. C).  Plaintiffs' sole medical witnesses are Sunset Medical Clinic (no individual named) and Dr. J. Dugal, Smith's treating physician.  In the documentary evidence section Plaintiffs list well over 50 published articles on antidepressants and suicide that they may want to rely upon.  These articles are clearly hearsay and cannot be presented to the jury absent Plaintiffs offering an expert who might then rely on those articles.

Inexplicably, Plaintiffs provided none of these depositions to the Court and no other attachments were filed with the opposition.[5] The Court is therefore persuaded that there is a complete absence of medical causation evidence in this case sufficient to bring this case to trial.  Apotex is entitled to judgment as a matter of law.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Under Rule 12(b)(6) and Motion for Summary Judgment (Rec. Doc. 60)** filed by defendants Apotex, Inc. and Apotex Corporation  is **GRANTED**.  Plaintiffs' complaint is **DISMISSED** with prejudice.

November 17, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[5] Interestingly, Apotex asserts in its reply that it has not seen the depositions that Plaintiffs refer to because those depositions were taken before Plaintiffs brought Apotex into this suit.